[619 NYS2d 602]

In the Matter of THOMAS P. CULLEN, JR., an Attorney, Resignor.

Second Department, November 7, 1994

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Thomas P. Cullen, Jr.,* resignor *pro se.*

### OPINION OF THE COURT

Per Curiam.

Thomas P. Cullen, Jr. has submitted an affidavit dated July 6, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Cullen was admitted to the practice of law by the Appellate Division of the Su-

preme Court, Second Judicial Department, on February 15, 1978.

Mr. Cullen acknowledges that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts into his alleged professional misconduct. He specifically admitted misappropriating $24,000 in funds from a real estate transaction, holding approximately $3,500 in escrow on behalf of another client, and failing to account for or to release such moneys, and misappropriating approximately $64,000 from estate funds via several unauthorized withdrawals.

Mr. Cullen further acknowledges that if charges were predicated upon the misconduct in question, he would be unable to successfully defend himself on the merits against those charges. The proffered resignation expressly states that in any order permitting Mr. Cullen to resign, the Appellate Division could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection of the State of New York for the same. Mr. Cullen is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him. He specifically waived the opportunity afforded him by paragraph (f) of that subdivision to be heard in opposition thereto.

Mr. Cullen indicates that his resignation is voluntarily submitted and is not the product of duress or coercion. He is fully aware of the implications of submitting his resignation.

Counsel for the Grievance Committee urges acceptance of the proffered resignation. Under the circumstances, the resignation of Thomas P. Cullen, Jr. as a member of the Bar is accepted and directed to be filed. Accordingly, Thomas P. Cullen, Jr. is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and FLORIO, JJ., concur.

Ordered that the resignation of Thomas P. Cullen, Jr. is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas P. Cullen, Jr. is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Thomas P. Cullen, Jr. shall promptly comply with this Court's rules governing the conduct of disbarred,

suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas P. Cullen, Jr. is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Thomas P. Cullen, Jr. is directed to make restitution in the amount set forth to the following parties whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication:

(1) Donald Owen and Kathy Owen     $24,000
(2) Hong Ling Chan     $ 3,500
(3) Joan MacDougall     $64,000

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.